```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC                       :
                                             :      **OPINION AND ORDER**
             Plaintiff,                      :
                                             :
       -v-                                   :      24-CV-8163 (DEH) (HJR)
                                             :
JOHN DOE subscriber assigned IP address      :
108.29.221.20,                               :
                                             :
             Defendant.                      :
-------------------------------------------------------------X

**HENRY J. RICARDO, United States Magistrate Judge.**

In this copyright infringement case, plaintiff Strike 3 Holdings, LLC ("Strike 3") has moved *ex parte*, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, for leave to serve a third-party subpoena on the internet service provider used by the John Doe defendant. Plaintiff seeks this discovery before a Rule 26(f) conference in order to identify defendant. For the reasons set forth below, plaintiff's motion is **GRANTED**.

**I.   BACKGROUND**

Strike 3 owns and distributes adult films. Complaint ("Compl."), Dkt. No. 1, ¶¶ 2–3. This suit alleges that the John Doe defendant illegally downloaded and distributed Strike 3's copyrighted films using the BitTorrent file distribution network. *Id.* ¶ 4. Dkt. No. 1. On October 29, 2024, this case was referred to Magistrate Judge Barbara C. Moses for general pretrial supervision, Dkt. No. 6, and was reassigned to me on October 30.

1

In order to identify the defendant, Strike 3 seeks leave to serve a subpoena on Verizon Online LLC ("Verizon"), defendant's internet service provider ("ISP"). Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Pl. Mem."), Dkt. No. 8, at 1. Strike 3 contends that Verizon is the "only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." *Id.*

In support of its motion, Strike 3 submitted a declaration describing the "VXN Scan" system that it uses to detect infringement of its copyrighted works on the BitTorrent system. Declaration of Jorge Arco dated May 27, 2024 ("Arco Decl."). Dkt. No. 8-2. Plaintiff also provided the declaration of a computer forensics specialist who confirmed that the user of a certain IP address accessed and shared Strike 3's copyrighted material. Declaration of Patrick Paige dated October 28, 2024 ("Paige Decl."). Dkt. No. 8-1. Finally, plaintiff submitted a declaration from an employee who reviewed the torrented videos and confirmed that they are materially identical to plaintiff's copyrighted works. Declaration of Susan B. Stalzer dated November 5, 2024 ("Stalzer Decl."). Dkt. No. 8-3.

## II. LEGAL STANDARD

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." In determining whether such an order is warranted, courts "apply a 'flexible standard of reasonableness and good cause.'" *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. Jan. 24, 2019) (quoting *Digital Sin, Inc. v. John Does 1–176*, 279

2

F.R.D. 239, 241 (S.D.N.Y. 2012)).  The "principal factors" that courts consider when deciding whether expedited discovery is appropriate in this context include: (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the [d]efendant's expectation of privacy."  *Id*. at 521 (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

## III.  ANALYSIS

Here, these factors weigh in favor of granting Strike 3's motion.  To make a *prima facie* showing of infringement, "a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v Sony Music Entertainment*, 831 F.3d 80, 88 (2d. Cir. 2016).  Strike 3 has shown that it holds valid copyrights for the works at issue.  Compl. ¶ 45; Compl. Ex. A.  It also described how it determined that defendant's IP address was used to download and share the copyrighted works.  *Id*. ¶¶ 31–44.  Specifically, Strike 3 developed a program, VXN Scan, that searches popular torrent websites for files with the same titles as plaintiff's copyrighted works.  Arco Decl. ¶¶ 44–47.  This program then downloads the files it finds so that Strike 3 can confirm that the torrented videos are its copyrighted works.  *Id*. ¶¶ 48–49.  Then, the program contacts the sources of the infringing media and stores packets of information from these sources.  *Id*. ¶¶ 53-55; 58–66.  The program analyzes these packets to identify the IP addresses, ISPs, and physical locations of the alleged infringers.  *Id*. ¶¶ 75–80.  A declaration from Strike 3's consultant affirmed that John Doe's IP address

downloaded and shared copyrighted media. Paige Decl. ¶¶ 16–18, 26–27. Based on these submissions, Strike 3 has made a *prima facie* showing of copyright infringement.

Second, plaintiff's discovery request is specific. It seeks only the defendant's name and address, which courts in similar cases have found "is a limited and highly specific set of facts." *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5586 (LAK) (KNF), 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018).

As to the third factor, Strike 3 argues that a third-party subpoena is the only way it can determine the defendant's identity. Def. Mem. at 7–8. The only identifying information discernable from BitTorrent's software is the user's IP address. *Id.* (quoting *John Wily & Sons, Inc. v. Doe Nos. 1–30,* 284 F.R.D. 185, 190 (S.D.N.Y. 2012). Strike 3 contends that only Verizon, as the ISP, can identify the defendant using his/her IP address. *Id.* Courts have credited this assertion in other similar cases. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-1651 (AT) (JLC), 2019 WL 1211864, at *2 (S.D.N.Y. March 15, 2019); *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. at 521-22. Because Strike 3 has shown it can ascertan the defendant's identify only through a subpoena directed to Verizon, the third factor weighs strongly in favor of granting the motion.

Fourth, Strike 3 cannot serve the defendant and proceed with the litigation without knowing John Doe's real name and address.

Finally, while identifying a defendant in a case such as this, which alleges viewing and transmitting adult movies, could cause embarrassment, "ISP

4

subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1-11,* No. 12-CV-3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) (citing *Arista Records LLC,* 604 F.3d at 118). Any concern about identifying the wrong individual and causing undue embarrassment can be alleviated through the procedural safeguards described below. *See Digital Sin*, 2012 WL 2036035, at *4.

In other cases brought in this District against alleged John Doe distributors of copyrighted adult videos, courts have consistently granted pre-Rule 26(f) conference subpoenas. *See, e.g., Strike 3 Holdings, LLC v. Doe,* No. 19-CV-3716 (JMF), 2019 WL 2051780, at *2 (S.D.N.Y. May 8, 2019); *Strike 3 Holdings, LLC v. Doe,* No. 19-CV-2552 (LAK) (OTW), 2019 WL 1620692, at *2 (S.D.N.Y. April 16, 2009); *Strike 3 Holdings, LLC v. Doe*, 2019 WL 1211864 at *2; *Strike 3 Holdings, LLC v. Doe,* 329 F.R.D. at 522. This case is materially similar.

## IV.   CONCLUSION

For these reasons, Strike 3's Motion for Leave to Serve a Third-Party Subpoena is hereby **GRANTED**. To protect the rights of Verizon and the defendant, it is **ORDERED** that:

1) Strike 3 may proceed with serving a Rule 45 subpoena on Verizon, the ISP identified in its motion (the "ISP"), to obtain the name and current and/or permanent address of the John Doe subscriber associated with the IP address 108.29.221.20. Strike 3 shall not request any additional information, including, but not limited to, an email address or telephone number associated with the

5

subscriber. Along with the subpoena, Strike 3 shall include a copy of both this Memorandum Order and the attached "Notice to Defendant";

2) The ISP will have 60 days from the date of service of the subpoena to serve John Doe with a copy of the subpoena, a copy of this Memorandum Order, and a copy of the "Notice to Defendant." The ISP may serve John Doe using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or overnight service;

3) John Doe shall have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. If John Doe decides to contest the subpoena, s/he shall at the same time notify the ISP so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions;

4) The ISP shall not turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period or before the date the Court rules on any motions, whichever is later. The ISP shall preserve any subpoenaed information pending the resolution of any motion to quash that is timely filed;

5) If neither John Doe nor the ISP contests the subpoena within the 60-day period, the ISP shall then have 10 days to produce the information responsive to the subpoena to Strike 3; and

6) Any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk is respectfully directed to close Docket Number 7 and mark it as granted.

**SO ORDERED.**

Dated: December 16, 2024
New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

## **NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC. v. John Doe*, 24-CV-8163 (DEH) (HJR), a case now pending before the Honorable Daniel E. Ho, United States District Judge for the Southern District of New York, and the Honorable Henry J. Ricardo, United States Magistrate Judge for the Southern District of New York.

2. Attached is Judge Ricardo's Order, dated December 16, 2024, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York.  The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time, Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to

proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.